**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HYUNG SEOK KOH and ) <br> EUNSOOK KOH, ) <br> ) <br>     Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> DET. M. GRAF #145, DET. USTICH, ) <br> CHIEF C. WERNICK, CMNDR. R. EISEN, ) <br> CMR. S. DUNHAM, OFF. M. JOHNSON #112, ) <br> OFF. B. MEENTS#103 , OFF. K. CELIA , #139, ) <br> Northbrook Police Officers, Individually ) <br> and OFF. S KIM #147, Wheeling Police ) <br> Officer, Individually, ) <br> ) <br>     Defendants. ) | Case No. <br><br> Judge <br><br> Magistrate Judge |

## *COMPLAINT*

NOW COME the Plaintiffs, HYUNG SEOK KOH and EUNSOOK KOH, (hereinafter "Plaintiffs"), and present their Complaint against DETECTIVE GRAF, DETECTIVE USTICH, CAPTAIN WERNICK, COMMANDER EISEN, OFFICER JOHNSON, COMMANDER DUNHAM, OFFICER MEENTS, OFFICER CELIA, all Northbrook Police Officers, individually, and OFFICER SUNG PHIL KIM, a Wheeling Police Officer, individually, and in support thereof, complains as follows:

## *PARTIES TO THE ACTION*

1. Plaintiffs HYUNG SEOK KOH and EUNSOOK KOH are, and at all times complained of herein were, residents of the State of Illinois, County of Cook. Plaintiffs peacefully resided in Northbrook, Illinois on the date of this incident, raising their Asian American family.

2. DETECTIVE GRAF ("GRAF"), DETECTIVE USTICH ("USTICH"), CAPTAIN WERNICK ("WERNICK"), COMMANDER EISEN ("EISEN"), OFFICER JOHNSON ("JOHNSON"), COMMANDER DUNHAM ("DUNHAM"), OFFICER MEENTS ("MEENTS"), and OFFICER CELIA ("CELIA), at all times complained of herein were all duly appointed and acting police officers employed by the Northbrook Police Department, Village of Northbrook, a municipal corporation, and are sued in their individual capacity.

3. OFFICER SUNG PHIL KIM ("KIM"), at all times complained of herein was a duly appointed and acting police officer employed by the Wheeling Police Department, Wheeling, Illinois, a municipal corporation and is sued in his individual capacity.

## *JURISDICTION AND VENUE*

4. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. § 1983 and § 1988, and the laws of the State of Illinois, to redress deprivations of the rights privileges, and immunities secured under the Fourth and Fourteenth Amendments to the United States Constitution and Title 42 U.S.C. § 1983 and accomplished by acts and/or omissions of the Defendants committed under color of law. Jurisdiction is based on Title 28 U.S.C. §1331 and §1343

5. That venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(1)(2) and (3), in that Defendants reside and may be found in this district and all of the events occurred in this district.

## *STATEMENT OF FACTS*

6. On April 16, 2009, at approximately 3:30 a.m., Plaintiff, HYUNGSEOK KOH [hereinafter Plaintiff, H. KOH], twice called 911 and reported hysterically in broken English that he needed emergency help for his son at 1944 Birch Road, Northbrook, Illinois.

7. At approximately 3:45 a.m. on said date, Defendants, EISEN, JOHNSON, MEENTS and CELIA, all members of the Northbrook Police Department, arrived at the Koh family home at said address to find Paul Koh lying in the foyer with his head facing the front door of the residence.

8. Paul Koh was observed to have large lacerations to his neck area and multiple wounds to various parts of his body; namely, his head, throat, face, chest and hands.

9. A large knife with blood, fingerprints and a palm print on it was found adjacent to the body.

10. Large amounts of blood were found in the dining room, living room and foyer of the residence but no tracks of bloody footprints were discovered either going up to the bedroom level of the home or leaving outside the residence.

11. Plaintiff H. KOH, in a state of panic, wanted to transport his son's body to the hospital in his Toyota Prius but was thwarted in doing so.

12. Instead, Plaintiffs, H. KOH and his wife, Mrs. Eunsook Koh, [hereinafter Plaintiff, E. KOH], were transported against their will to the Northbrook Police Station shortly after the police arrived.

13. Paul Koh's parents were so transported despite their both being in an obvious state of shock and grief after having just discovered their son's body in their home.

14. Neither parent was questioned by the police in any significant way prior to their transport to the police station.

15. During said transport by JOHNSON, multiple pleas were made by the parents to allow them to follow their son's body to the hospital rather than going to the police station.

16. On the date of the incident, the deceased in this case was 22 years old, 5'8 feet tall and weighing approximately 195 pounds, where Plaintiff H. KOH, was 56 years old, weighed approximately 160 pounds and was 5'6" inches tall.

17. On April 16, 2009, not a single serious wound, cut, bruise or abrasion was observed by police on Plaintiff H. KOH's body.

18. Furthermore, there was no significant amount of blood seen by the responding police officers on Plaintiff H. KOH's body or clothing.

19. There was no bloody clothing (other than worn by the deceased) recovered from the Plaintiffs home by the responding police officers.

20. There was no evidence found in the Koh residence that any blood had been cleaned with chemical solvents.

21. No other determinative evidence was found on the morning of April 16, 2009 which would have led a reasonable person to believe that Plaintiffs had committed any crime.

22. Defendants, EISEN, JOHNSON, MEENTS and CELIA, all duly sworn officers of the Northbrook Police Department, did not conduct any significant interviews with neighbors, friends of the deceased or anyone else prior to transporting the Plaintiffs to the police station.

23. Defendants, EISEN, JOHNSON, MEENTS and CELIA had no forensic evidence which would have led a reasonable person to believe that Plaintiffs committed any crime prior to transporting them to the police station.

24. Despite the complete lack of investigation of the death of Paul Koh, members of the Northbrook Police Department immediately transported the Plaintiffs to the Northbrook Police Department and placed them in custodial arrest.

25. Plaintiffs were placed in a room and made to sit there alone for a long period of time upon their arrival at the police station

26. Plaintiff, H. KOH was interrogated for several hours by GRAF and USTICH, all without a Korean interpreter, and only with the "assistance" of KIM, a Wheeling Police Officer of Korean descent, who, by his own admission, was not fluent in Korean.

27. Furthermore, KIM was acting as a police officer during most of the interrogation process; he coerced and confronted Plaintiff H. KOH repeatedly, adding to the coercive efforts of GRAF and USTICH.

28. Plaintiff E. KOH, who did not speak much English taken into custodial arrest and detained for approximately 32 hours. Mrs. Koh was strip searched on April 16, 2009 at 2:45 p.m., per the authorization of WERNICK, Watch Supervisor of the Northbrook Police Department, who indicated in the authorization form that Plaintiff E. KOH was arrested for a felony entitled "pending."

29. Realizing that such detention was without probable cause and thus unlawful, members of the Northbrook Police Department encouraged Plaintiff E. KOH to sign a document releasing the Village of Northbrook and the Northbrook Police Department from civil liability claims and accepting full responsibility for all the events *which led to her arrest* and incarceration.   See Exhibit A, attached hereto.

30. At approximately 7:30 a.m. on April 16, 2009, the Plaintiff, H. KOH was subjected to the first of three videotaped interrogations. The first videotaped interrogation lasted 55 minutes.  The second videotaped interrogation began at 11:35 a.m. and was one hour and ten minutes long. The third videotaped interrogation began at 12:35 a.m. and was twenty three minutes long.

31. Plaintiff H. KOH was detained for approximately nine hours before his attorney arrived and halted the custodial interrogation.

32. During his lengthy interrogation, Plaintiff H. KOH was in obvious shock and was grieving at the loss of his son Paul. Plaintiff H. KOH, a diabetic with numerous medical conditions, did not eat properly, drink properly or take his medication.

33. While in this obviously vulnerable condition, Plaintiff H. KOH was yelled at, lied to, manipulated and repeatedly wrongfully accused of his son's murder.

34. Without having conducted any meaningful investigation and having no testimonial or physical evidence of any kind that Plaintiff H. KOH had murdered his son, (or, in fact, that Paul Koh had been murdered at all), GRAF made up a motive and badgered Plaintiff H. KOH repeatedly, insisting that such motive was true.

35. Similarly, GRAF completely made up the entire way that *he believed* Plaintiff H. KOH murdered his son and badgered Plaintiff H. KOH repeatedly, insisting that that such facts were true.

36. An obviously bewildered, confused and distraught Plaintiff H. KOH can be seen on the videotape interacting with GRAF, USTICH and KIM as he was continually badgered.

37. GRAF supplied information to members of the Cook County State's Attorney's Office, Exhibit B attached, and later testified before the Grand Jury, that the story created by GRAF was admitted to by the Plaintiff H. KOH which was, in fact, far from the truth and wholly misleading.

38. Plaintiff H. KOH was never told that he was free to leave the police station and never allowed to consult with his family, friends or pastor despite repeated requests to do so.

39. Even when Plaintiff's attorney arrived, he was not allowed access to Plaintiff H. KOH within a reasonable period of time so that Plaintiff could be further badgered, harassed and confused by the interrogating detectives.

40. The above cited facts all occurred with either the direct participation or with the knowledge, approval, encouragement and support of WERNICK, EISEN and DUNHAM.

41. Since the date of his unlawful arrest, Plaintiff H. KOH has lost his freedom and liberty, suffered both medical and psychological injury, and suffered great financial loss as a result of said incarceration.

### *COUNT I- FALSE ARREST*

42. The Plaintiffs hereby reallege and incorporate their allegations of paragraphs 1-41 as though fully set forth herein.

43. Through physical and psychological abuse, the Defendants GRAF, USTICH and KIM coerced and confused Plaintiff H. KOH into making what the Defendants and the State's Attorney claim to be statements about his son's death.

44. Plaintiff H. KOH was charged with First Degree Murder based upon the unlawful actions of Defendants cited above

45. Plaintiffs were both arrested without any facts to support probable cause.

46. The Defendants refused to investigate or even consider what may have actually occurred in this case.

47. Plaintiffs H. KOH and E. KOH did not commit any crime or break any laws.

48. The actions of the Defendants were malicious, intentional, willful and wanton.

49. Said actions of the Defendants violated the Plaintiffs' Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. § 1983.

50. As a direct and proximate consequence of said conduct of Defendants, the Plaintiffs suffered violations of their constitutional rights, emotional anxiety, humiliation, fear, monetary loss and pain and suffering.

Wherefore, the Plaintiffs, H. KOH and E. KOH, pray for judgment against all Defendants, DETECTIVE GRAF, DETECTIVE USTICH, CAPTAIN WERNICK, COMMANDER EISEN, OFFICER JOHNSON, COMMANDER DUNHAM, OFFICER MEENTS, OFFICER CELIA and OFFICER SUNG PHIL KIM, jointly and severally, in excess of One Hundred Thousand and 00/100 ($100,000.00) Dollars compensatory damages and Fifty Thousand and 00/100 ($50,000.00) Dollars punitive damages, plus attorneys' fees and costs.

### *COUNT II- COERCIVE INTERROGATION*

51. Plaintiff H. KOH hereby realleges and incorporates the allegations of paragraphs 1-41 as though fully set forth herein.

52. The Defendants through their physical and psychological coercion, created false and misleading oral statements, which they then attributed to the Plaintiff H. KOH as factual.

53. The Defendants failed to inform any of the prosecutors in the Plaintiff's criminal case that the statements they attributed to the Plaintiff were false, fabricated and coerced through physical and psychological abuse and obviously inconsistent with the physical evidence found by police at the scene.

54. The Defendants' actions, individually, jointly, and in conspiracy, in coercively interrogating the Plaintiffs using physical and psychological techniques, resulted in Plaintiff H. KOH'S unlawful arrest.

55. Said actions of the Defendants were malicious, intentional, willful and wanton.

56. Said actions of the Defendants violated the Plaintiffs Fifth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. § 1983.

57. As a direct and proximate consequence of said conduct of Defendants, Plaintiff H. KOH suffered violations of his constitutional rights, emotional anxiety, humiliation, fear, monetary loss and pain and suffering.

Wherefore, Plaintiff H. KOH prays for judgment against all Defendants, DETECTIVE GRAF, DETECTIVE USTICH, CAPTAIN WERNICK, COMMANDER EISEN, COMMANDER DUNHAM, and OFFICER SUNG PHIL KIM, jointly and severally, in excess of One Hundred Thousand and 00/100 ($100,000.00) Dollars compensatory damages and Fifty Thousand and 00/100 ($50,000.00) Dollars punitive damages, plus attorneys' fees and costs.

## *COUNT III- CONSPIRACY*

58. The Plaintiffs hereby reallege and incorporate their allegations of paragraphs 1-41 as though fully set forth herein.

59. The Defendants conspired, directly or indirectly, for the purpose of depriving the Plaintiffs of their constitutional rights as set forth above herein.

60. Each of the Defendants or co-conspirators committed overt acts to further the conspiracy against the Plaintiffs, including but not limited to EISEN ordering JOHNSON to

transport Plaintiffs against their will to the police station and GRAF, USTICH and KIM acting in concert to coercively interrogate Plaintiff H. KOH.

61. In doing so, the Defendants took numerous actions in furtherance of the conspiracy.

62. The Defendants' actions were malicious, willful and wanton.

63. Said actions of the Defendants violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States constitution and were in violation of said rights protected by 42 U.S.C. § 1983.

64. As a direct and proximate consequence of said conduct of Defendants, the Plaintiffs suffered violations of their constitutional rights, emotional anxiety, humiliation, fear, monetary loss and pain and suffering.

Wherefore, the Plaintiffs, H. KOH and E. KOH, pray for judgment against all Defendants, DETECTIVE GRAF, DETECTIVE USTICH, CAPTAIN WERNICK, COMMANDER EISEN, OFFICER JOHNSON, COMMANDER DUNHAM, OFFICER MEENTS, OFFICER CELIA and OFFICER SUNG PHIL KIM, jointly and severally, in excess of One Hundred Thousand and 00/100 ($100,000.00) Dollars compensatory damages and Fifty Thousand and 00/100 ($50,000.00) Dollars punitive damages, plus attorneys' fees and costs.

### *RULE 38 JURY DEMAND*

Plaintiffs demand trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

    Respectfully submitted,

    ELLIOT R. ZINGER & ASSOCIATES

    By: ___/s/ Patrick J. Walsh,_____
        Patrick J. Walsh, Esq.

Patrick J. Walsh, Esq.
ELLIOT R. ZINGER & ASSOCIATES
10 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
Atty. No. 6287629
(312) 782-9464