IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HYUNG SEOK KOH and EUNSOOK KOH, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 11 C 2605 |
| DET. M GRAF #145, DET. USTICH, CHIEF C. WERNICK, CMMDR. R. EISEN, CMR. S. DUNHAM, OFF. M. JOHNSON #112, OFF. B. MEENTS #103, OFF. K. CELIA, #139, Northbrook Police Officers, Individually and OFF. S. KIM #147, Wheeling Police Officer, Individually, | ) ) ) ) ) ) ) ) ) ) | Judge Dow Magistrate Judge Schenkier |
| Defendants. | ) | |

## MOTION TO DISMISS

NOW COMES the Defendant, OFFICER SUNG PHIL KIM, ("Officer Kim") by and through his attorneys, KLEIN, THORPE and JENKINS, Ltd. and hereby moves this Honorable Court to dismiss COUNT I (False Arrest) and portions of COUNT III (Conspiracy) of the Plaintiffs' Complaint as it applies to Officer Kim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Fed. R. Civ. P. 12(b)(6). In support of his motion, the Defendant states:

*Introduction and Alleged Facts*

The Plaintiffs filed suit praying for relief against all Defendants related to their arrest and/or detention by the defendant officers of the Northbrook Police Department on April 18, 2009. (Complaint, ¶ 7, 12, 22, 24, 27.) None of the allegations relating to the arrest or detention of the Plaintiffs relate in any way to actions performed by Officer Kim, however. (Id.) Officer Kim is a member of the Wheeling Police Department, and became involved in this matter only as a

1

269891_1

Korean/English interpreter for the Northbrook Police Department's investigation. (Complaint, ¶¶ 3, 26, 27, 36.) The Plaintiff has pled two counts against *all* Defendants: False Arrest (Count I), Coercive Interrogation (Count II), and Conspiracy (Count III). The Conspiracy Count alleges conspiracy to commit false arrest on both Plaintiffs *and* to coercively interrogate Plaintiff Hyung Seok Koh. Officer Kim herein moves this Court to dismiss all claims related to the false arrest of either Plaintiff as well as the entirety of Plaintiff Eunsook Koh's claims against him.

Regarding the arrest of the Plaintiffs, the Plaintiffs allege only the following actions of the Northbrook Police Defendants, none of which implicate Officer Kim:

- "At approximately 3:45 a.m. on said date, Defendants, EISEN, JOHNSON, MEENTS and CELIA, all members of the Northbrook Police Department, arrived at the Koh family home at said address to find Paul Koh lying in the foyer with his head facing the front door of the residence." (Complaint, ¶ 7.)

- "Instead, Plaintiffs, H. KOH and his wife, Mrs. Eunsook Koh, [hereinafter Plaintiff, E. KOH], were transported against their will to the Northbrook Police Station shortly after the [Northbrook] police arrived." (Complaint, ¶ 12.)

- "Defendants, EISEN, JOHNSON, MEENTS and CELIA, all duly sworn officers of the Northbrook Police Department, did not conduct any significant interviews with neighbors, friends of the deceased or anyone else prior to transporting the Plaintiffs to the police station." (Complaint, ¶ 22.)

- "Defendants, EISEN, JOHNSON, MEENTS and CELIA had no forensic evidence which would have led a reasonable person to believe that Plaintiffs committed any crime prior to transporting them to the police station." (Complaint, ¶ 23.)

2

- "Despite the complete lack of investigation of the death of Paul Koh, members of the Northbrook Police Department immediately transported the Plaintiffs to the Northbrook Police Department and placed them in custodial arrest." (Complaint, ¶ 24.)

Thus, none of the allegations that are related to the physical arrest of the Plaintiffs implicate Officer Kim in any way. The Plaintiffs expressly state that the "members of the Northbrook Police Department" were the individuals who "placed them in custodial arrest." (Complaint, ¶ 24.) Officer Kim was neither a member of the Northbrook Police Department nor present at the time the Plaintiffs were "transported against their will" to the Northbrook Police Station or taken into "custodial arrest." (Complaint, ¶¶ 12, 24.)

## I.     THE PLAINTIFFS' FALSE ARREST CLAIMS ARE LEGALLY INSUFFICIENT AS AGAINST OFFICER KIM.

The Plaintiffs' false arrest allegations are not sufficient to support a cause of action against Officer Kim. F.R.C.P. 12(b)(6) allows a defendant to move to dismiss any complaint that that fails to state a claim upon which relief may be granted. *See, e.g., CBS Outdoor, Inc. v. Village Of Itasca, Ill.*, 2009 WL 3187250, 1 (N.D. Ill. 2009). The factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). This Court should reject legal conclusions in the Complaint unsupported by factual allegations because such conclusions are "not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). The Court may draw on its "judicial experience and common sense" to determine whether the factual allegations "plausibly give rise to an entitlement of relief." *Id.* To survive this Motion to Dismiss, the Court must find that the complaint presents a story plausible enough to show that Plaintiffs have a reasonable chance of proving their claims. *Id.* at 1946-50. Any "bare legal conclusions" will not support a legally cognizable claim. *Bissessur v. Indiana University Bd. of Trustees*, 2009 WL 2902076, 2 (7th Cir. 2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544

269891_1

(2007)). Moreover, a "complaint must contain 'enough facts to state a claim to relief that is plausible on its face' and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 557) (citing *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir.2008)).

Regarding the substance of the Plaintiffs' Section 1983 claims for false arrest, "An individual is personally liable under § 1983 if he deprives another person of a right, privilege, or immunity secured by the United States Constitution under color of state law." *Johnson v. City of Harvey*, 1997 WL 311947 (N.D. Ill. June 5, 1997) (*aff'd,* 191 F.3d 456 (7th Cir. 1999)) (citing *Supreme Video, Inc. v. Schauz,* 15 F.3d 1435, 1438 (7th Cir.1994)). Accordingly, a police officer is liable for false arrest only if he makes an arrest and the arrest is not supported by probable cause. *Id.* (citing *Booker v. Ward*, 94 F.3d 1052, 1057-58 (7th Cir. 1996)).

For constitutional purposes, an arrest happens at the point in time when "'in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.'" *Fox v. Hays,* 600 F.3d 819, 833 (7th Cir. 2010) (citing *United States v. Tyler*, 512 F.3d 405, 409-10 (7th Cir. 2008)). A person is considered "arrested" if "there was any limitation of the person's movement such as physical touching, display of a weapon, or other coercive conduct on the part of the police that indicates cooperation is required." *Tyler*, 512 F.3d at 409-10.

By the very terms of the Plaintiffs' own allegations, they were taken "against their will" only by the Northbrook Defendant Officers. (Complaint, ¶ 12.) Moreover, the Plaintiffs go on to assert that "members of the Northbrook Police Department immediately transported the Plaintiffs to the Northbrook Police Department and placed them in custodial arrest." (Id. at ¶ 24.) Neither of these actions alleged regarding the arrest of the Plaintiffs involved Officer Kim in any way. Thus, there are no allegations concerning the Plaintiffs' arrest that Officer Kim ever "deprive[d] another person of a right, privilege, or immunity" that would subject him to liability pursuant to 42 U.S.C. § 1983.

4

269891_1

Despite the clear issues alleged by the Plaintiffs regarding arrest, however, they continue to conclude that Officer Kim is liable for false arrest here because he allegedly "coerced and confused Plaintiff H. KOW into making what the Defendants and the state's Attorney claim to be statements about his son's death." (Complaint, ¶ 7.) Although styled as an allegation related to false arrest, this allegation seems to concern the Plaintiffs' Count II – "Coercive Interrogation." Clearly, the arrest or "seizure" happens at the time when "reasonable person would have believed that he was not free to leave." *Michigan v. Chesternut,* 486 U.S. 567, 573 (1988). Here, by the Plaintiffs' own allegations, the arrest or "seizure" occurred when the Plaintiffs "were transported against their will to the Northbrook Police Station," an act not involving Officer Kim. (Complaint, ¶ 12.)

The Plaintiffs also do not allege that Officer Kim in any way "detained" them against their will. The allegations neither state nor imply that Officer Kim, as a member of the Wheeling Police Department there to assist the Northbrook Police Department, had any authority whatsoever to release Plaintiffs from custody or demand that the Northbrook Defendants release the Plaintiffs from custody. Any inferences otherwise, without specific allegations to the contrary in the Complaint, would be contrary to the pleading standards highlighted in *Twombley* and *Iqbal*, as discussed above.

## II. COUNT III, AS MUCH AS IT RELATES TO BOTH THE FALSE ARREST OF EITHER PLAINTIFF AND ANY CONSPIRACY FOR COERCIVE INTERROGATION OF PLAINTIFF EUNSOOK KOH, SHOULD BE DISMISSED AS AGAINST OFFICER KIM.

As mentioned above, Count III of the Complaint alleges conspiracy for both the false arrest of Plaintiffs as well as the coercive interrogation of Plaintiff Hyung Seok Koh. (Complaint, Count III.) However, the conspiracy claims are vaguely pled and seemingly apply to all Plaintiffs and all Defendants. As argued above, Defendant Officer Kim is not alleged to have been involved in the arrest as a matter of law. Similarly, there are no allegations in the Complaint that Officer Kim

participated in any conspiracy to arrest the Plaintiffs. Thus, to the extent that any conspiracy to arrest either Plaintiff is alleged against Officer Kim, this Court should dismiss those claims.

Moreover, Count III seems to allege or imply a conspiracy claim that Plaintiff Eunsook Koh was deprived of her constitutional rights by the Defendants for coercive interrogation. (*See* Complaint, Count III.) Even though the allegations may relate to a Fifth or Fourteenth Amendment coerced confession claim, Plaintiff Eunsook Koh has no viable cause of action for a coerced confession because there are no allegations that the interrogation of Eunsook Koh ever led to any coerced statements by Ms. Koh or that she was ever subject to any coercive police procedures that "shock the conscience" in violation of the Fourteenth Amendment. *See, e.g.*, *Walden v. City of Chicago*, 755 F. Supp. 2d 942, 964 (N.D. Ill. 2010); *Scott v. City of Chicago*, 07 C 3884, 2010 WL 1433313 (N.D. Ill. Apr. 8, 2010). Additionally, Plaintiff Eunsook Koh does not include herself in the coercive interrogation count (Count II).

Thus, this Court should dismiss Defendant Officer Kim from all false arrest conspiracy claims, and any claims by Plaintiff Eunsook Koh that Officer Kim conspired to coercively interrogate her.

WHEREFORE, the Defendant, OFFICER SUNG PHIL KIM, ("Officer Kim") by and through his attorneys, KLEIN, THORPE and JENKINS, Ltd. and hereby moves this Honorable Court to dismiss COUNT I (False Arrest) and portions of COUNT III (Conspiracy) of the Plaintiffs' Complaint as it applies to Officer Kim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

                                                      Respectfully submitted,
                                                      DEFENDANTS

                                                      By: /s/ Jacob Karaca

James V. Ferolo
Jacob Karaca
Klein, Thorpe and Jenkins, Ltd.
20 North Wacker Drive, Suite 1660
Chicago, Illinois 60606
(312) 984-6400

269891_1