IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HYUNG SEOK KOH and EUNSOOK KOH, <br><br> Plaintiffs, <br><br> v. <br><br> Det. M. GRAF, et al., <br><br> Defendants. | ) ) ) ) No. 11 cv 2605 ) ) ) ) ) ) Judge Edmond E. Chang ) ) |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN
OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Plaintiffs submit the following supplemental brief in opposition to Defendants' motions for summary judgment:

**I.    The Supreme Court's Recent Decision in *Manuel* Confirms That Mr. Koh Has A Fourth Amendment Claim for the Entire Period from His Arrest Through Acquittal**

In this case, Mr. Koh asserts and the summary record requires a trial on claims that Mr. Koh was detained without probable cause both before and after the start of legal process in his criminal case, in violation of the Fourth Amendment. *See* Doc. No. 316 (Plaintiffs' Response In Opposition to Summary Judgment) at 23-39. On March 21, 2017, the U.S. Supreme Court decided *Manuel v. City of Joliet, Ill.*, No. 14-9496, 580 U.S. ---, 2017 WL 1050976 (Mar. 21, 2017). *Manuel* supports Mr. Koh's Fourth Amendment claims in this case.

In *Manuel*, the Supreme Court confirmed that the Fourth Amendment protects against unreasonable detention both before and after legal process has attached. *Id.* at *6 ("[P]retrial detention can violate the Fourth Amendment not only when it precedes, but also when it follows, the start of legal process in a criminal case."). *Manuel* overrules Seventh Circuit decisions that had concluded that illegal pretrial detention following the start of legal process was governed

solely by due process principles. *Id.* at *4 (citing *Llovet v. City of Chicago*, 761 F.3d 759 (7th Cir. 2014); *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001)). In reaching this conclusion, *Manuel* reasoned:

> The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause. . . . That can happen when the police hold someone without any reason before the formal onset of a criminal proceeding. But it also can occur when legal process itself goes wrong—when, for example, a judge's probable cause determination is predicated solely on a police officer's false statements. Then, too, a person is confined without constitutionally adequate justification. Legal process has gone forward, but it has done nothing to satisfy the Fourth Amendment's probable cause requirement.

*Manuel* at *6; *see also Malley v. Briggs*, 475 U.S. 335, 341 (1985) (police officers not entitled to immunity for a violation of the Fourth Amendment following issuance of legal process where "no reasonably competent officer would have concluded that a warrant should issue").

    *Manuel* therefore confirms that Mr. Koh had a Fourth Amendment right to be free from unreasonable detention throughout his nearly-four-year detention between his arrest and his acquittal. As Plaintiffs explained in their brief, there was never probable cause to suspect Mr. Koh of murder—before or after he was charged. *See* Doc. No. 316 at 31-38, 62-64. Thus, Mr. Koh's Fourth Amendment claim extends from his initial arrest throughout his entire detention until his acquittal. Mr. Koh pleaded and pursued a Fourth Amendment claim throughout this civil case, and it is clearly established law that Defendants could not detain and pursue a criminal prosecution for which there was no probable cause. *See Manuel* at *5 (citing *Gerstein v. Pugh*, 420 U.S. 103 (1975), for the proposition that "[the Supreme] Court decided some four decades ago that a claim challenging pretrial detention fell within the scope of the Fourth Amendment").

    For the reasons explained in Plaintiffs' briefs, summary judgment on Mr. Koh's Fourth Amendment claim should be denied. *See* Doc. No. 316 at 23-39. At trial, Mr. Koh will be

entitled to damages for that claim for the entire period of his detention.

## II. *Manuel* Further Defeats Defendants' Arguments That Legal Process Breaks the Chain of Causation Between Their Misconduct and Mr. Koh's Damages

*Manuel* also provides further support for Mr. Koh's argument that the chain of causation for Defendants' misconduct is not broken by the legal process that issued in his criminal case. *See* Doc. No. 316 at 48-49 (responding to Defendants' arguments that the prosecutor's decision to approve and pursue charges breaks the chain of causation between the Defendants' misconduct and Mr. Koh's damages); *id.* at 64 (responding to Defendants' argument that the grand jury indictment is prima facie probable cause).

In holding that police violate the Fourth Amendment by detaining a person without probable cause after legal process issues, the Court specifically rejected the notion that "a grand jury indictment or preliminary examination . . . expunge[s] such a Fourth Amendment claim." *Manuel* at *6 n.8. The Court reasoned:

> The effect of that view would be to cut off [the plaintiff's] claim on the date of his grand jury indictment . . . —even though that indictment (like the [state court] probable-cause proceeding) was entirely based on false testimony and even though [the plaintiff remained in custody]. . . . Nothing in the nature of the legal proceeding establishing probable cause makes a difference for purposes of the Fourth Amendment: Whatever it's precise form, if the proceeding is tainted—as here, by fabricated evidence—and the result is that probable cause is lacking, then the ensuing pretrial detention violates the confined person's Fourth Amendment rights.

*Id.* This reasoning applies with force to defeat Defendants' argument that the decisions of courts or prosecutors render them not liable for violating Mr. Koh's rights. Like the cases that Plaintiffs cite in their brief, Doc. No. 316 at 48-49, 64, *Manuel* recognizes that when legal charges are initiated based on fabricated evidence, then the officers who fabricate that evidence are liable for the entire period of pretrial detention.

3

                                            Respectfully submitted:

                                            /s/ Elizabeth Mazur

Arthur Loevy
Jon Loevy
Elizabeth Mazur
Steven Art
Loevy & Loevy
311 N. Aberdeen
Third Floor
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

      I, Elizabeth Mazur, an attorney, certify that I served this document on all counsel of record via the Court's CMECF system.

                                            /s/ Elizabeth Mazur