IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| HYUNG SEOK KOH and <br> EUNSOOK KOH, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | Case No. 11 cv 2605 |
| v. | ) <br> ) | Judge Edmond E. Chang |
| DET. M. GRAF, et al., | ) <br> ) <br> ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION
FOR SUMMARY JUDGMENT ON MR. KOH'S FOURTH AMENDMENT CLAIM**

Plaintiffs, Hyung Seok Koh and Eunsook Koh, by their attorneys, Loevy & Loevy, respond to Defendants' joint motion for summary judgment, Doc. 362, as follows:[1]

Since the first day this case was filed, Mr. Koh has asserted and the parties have conducted discovery on his claim that Defendants, without probable cause, seized him and caused him to be detained and prosecuted for a crime he did not commit. Mr. Koh pleaded that Defendants' misconduct violated the Fourth Amendment and caused his arrest and detention, and he did so despite established law providing that he had no obligation to plead legal theories in the first place. The parties conducted years of discovery on Mr. Koh's claims that he was arrested, detained, and prosecuted based on false evidence and without probable cause. At summary judgment, Mr. Koh continued to assert these Fourth Amendment claims, arguing in his response brief filed that the record showed there was not probable cause to believe he had killed his son on the day of this arrest or at any time through his acquittal. In addition, Mr. Koh highlighted

---

[1] Defendants' pending motion incorporates all of their prior summary judgment filings and deals substantively with one issue only: Plaintiffs' Fourth Amendment claim for detention without probable cause. *See* Doc. 362 at 2. Plaintiffs therefore likewise incorporate by reference all of their prior summary judgment filings, Doc Nos. 309, 311, 315, 316, and respond on the Fourth Amendment issue only.

evidence that his entire detention and prosecution were based on evidence fabricated by Defendants.

The current round of briefing was set off by Plaintiffs' citation to the Court of a case in which the Supreme Court reaffirmed long established precedents holding that detention after legal process issues must be supported by probable cause. *Manuel v. City of Joliet*, 137 S. Ct. 911, 918-20 (2017) (citing *Gerstein v. Pugh*, 420 U.S. 103 (1975)). Though *Manuel* altered the law of this circuit, the Fourth Amendment claim that Mr. Koh was detained from arrest to acquittal without probable cause was in fact pleaded, explored exhaustively during discovery, and briefed at summary judgment in this case. There is therefore no legal basis to grant summary judgment on this claim on the ground that it was somehow not preserved.

But suppose for the sake of argument that Mr. Koh had never mentioned the Fourth Amendment at all prior to this stage of the case. Even then, there would be no basis to deny him a jury trial on this claim or to refuse to instruct the jury on this theory. There is evidence in the summary judgment record supporting this particular legal theory, and the Supreme Court in *Manuel* has reaffirmed, before this Court's ruling on summary judgment motions, that for more than three decades it has approved a Fourth Amendment claim concerning seizure following the issuance of legal process. In largely analogous circumstances, the Seventh Circuit has said very recently that there is no basis to bar a particular legal theory at trial. *King v. Kramer*, 763 F.3d 635, 642-43 (7th Cir. 2014). Moreover, in this case, Defendants cannot point to one shred of unfair prejudice that they would suffer if this claim were to be tried to a jury, for the simple reason that the evidence supporting this claim is exactly the same as that supporting his malicious prosecution claim. Defendants' renewed motion for summary judgment on Mr. Koh's Fourth Amendment claim should be denied.

2

I. **Mr. Koh Has A Fourth Amendment Claim For Unreasonable Pretrial Detention**

Defendants argue that Mr. Koh cannot proceed to trial on his Fourth Amendment claim that he was seized without probable cause from the day of his arrest through his acquittal because that claim was not pleaded or litigated in this case. Even if it had been, Defendants assert, such a claim would be defeated by probable cause and qualified immunity. For the following reasons, these arguments lack merit.

A. **Mr. Koh Pleaded the Precise Fourth Amendment Pretrial Detention Theory At Issue Here, Even Though There Was No Requirement That He Do So**

Contrary to Defendants' assertions, there is no pleading problem with Plaintiffs' Fourth Amendment claims. Count I of Plaintiffs' Second Amended Complaint (SAC), Doc. 133, plainly asserts that Defendants violated Plaintiffs' Fourth Amendment rights, specifically alleging that "Defendants caused both of the Plaintiffs' to be arrested *and detained* without probable cause." Doc. 133 (SAC) at ¶ 49 (emphasis added). That allegation incorporates the entire factual narrative preceding Count I, in which Plaintiffs allege, among other things, that Mr. Koh was unlawfully detained from the moment of his arrest up until his acquittal. *Id.* at ¶¶ 22, 43, 47. Moreover, the SAC alleges in detail the reasons that the criminal charges and entire criminal proceeding against Mr. Koh were not supported by probable cause. *Id.* at ¶ 72. These allegations put Defendants on notice of Mr. Koh's Fourth Amendment claim for unreasonable pretrial detention without probable cause.

Mr. Koh pleaded this particular Fourth Amendment theory despite the fact that there was no legal requirement that he do so. Rule 8 required Mr. Koh to provide only a short and plain statement that plausibly set forth that he is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007); *Swanson v. Citibank*, 614 F.3d 400, 404-06 (7th Cir. 2010). The Seventh Circuit has repeatedly admonished that parties have no obligation to plead particular

legal claims or theories, *McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 427 (7th Cir. 2005) (citing cases); *see also Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011) ("A complaint need not identify legal theories, and specifying an incorrect theory is not a fatal error."); *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) ("A complaint under Rule 8 limns the claim; details of both fact and law come later, in other documents."); *see also Reeves ex rel. Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701 (7th Cir. 2014) ("Plaintiffs need only plead facts, not legal theories, in their complaints[.]").

*Twombly* and *Iqbal* had no effect on this principle. *See Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 783 (7th Cir. 2015) (holding in a case where the plaintiff did not even mention the basis for a particular legal theory in multiple complaints that "plaintiffs are not required to plead legal theories"); *Jajeh v. County of Cook*, 678 F.3d 560, 567 (7th Cir. 2012) (holding that a plaintiff sufficiently pleaded a hostile work environment claim without ever mentioning the words "hostile work environment").

Even though Mr. Koh was required to plead only plausible facts that put Defendants on notice of his entitlement to relief, he did much more. Mr. Koh actually spelled out in the complaint the legal theory on which Defendants now argue they are entitled to judgment. Defendants' position is flatly contradicted by established law and by the fact that Plaintiffs did plead in the SAC that Plaintiff's entire detention and prosecution were unsupported by probable cause.[2]

---

[2] Plaintiffs' attorneys acknowledge that when they drafted the SAC, the law in the Seventh Circuit limited Fourth Amendment claims to the period from the initial seizure to the issuance of legal process. *E.g.*, *Llovet v. City of Chicago*, 761 F.3d 759 (7th Cir. 2014). Had *Manuel* already been decided, counsel might have worded Count I of the SAC differently. Still, the SAC fairly alleges that Mr. Koh's Fourth Amendment rights were violated when he was detained without probable cause and that probable cause was lacking throughout the period of pretrial detention.

4

Defendants argue specifically that Mr. Koh cannot proceed with his Fourth Amendment claim because he failed to plead "that he was detained entirely on 'made up evidence.'" *See* Doc. 362 at 5. Their argument is fatally flawed for at least three reasons. First, the cases cited above provide that Mr. Koh was not required to plead his legal theories at this level of particularity.

Second, Defendants' position imposes a new element on Mr. Koh's Fourth Amendment claim that does not actually exist. *Manuel* does not require a Plaintiff to show that he was detained "entirely on made up evidence" in order to establish that the Fourth Amendment was violated during pretrial detention. Instead, *Manuel* simply confirms that the Fourth Amendment applies to the entire period of pretrial detention, and that the entire period of pretrial detention must be supported by probable cause. As *Manuel* put it:

> [P]retrial detention can violate the Fourth Amendment not only when it precedes, but also when it follows, the start of legal process in a criminal case. The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause. . . . That can happen when the police hold someone without any reason before the formal onset of a criminal proceeding. But it also can occur when legal process itself goes wrong—when, *for example*, a judge's probable-cause determination is predicated solely on a police officer's false statements. Then, too, a person is confined without constitutionally adequate justification. Legal process has gone forward, but it has done nothing to satisfy the Fourth Amendment's probable-cause requirement. And for that reason, it cannot extinguish the detainee's Fourth Amendment claim—or somehow, as the Seventh Circuit has held, convert that claim into one founded on the Due Process Clause… . If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment.

*Manuel v. City of Joliet*, 137 S. Ct. at 918-19 (internal citations omitted) (emphasis added). The elements of a Fourth Amendment claim are detention and lack of probable cause— period. "A detention based solely upon made up evidence" is not an element. The only role that "made up evidence" played in *Manuel* was the Court's recognition that the Fourth Amendment is not satisfied when that legal process is issued based on false evidence.

Third, even if "made up evidence" were a pleading requirement of Mr. Koh's Fourth Amendment claim, Defendants are flat wrong to suggest that Plaintiffs did not plead that Mr. Koh's detention was based on "made up evidence." *See e.g.*, Doc. 133 (SAC) at ¶ 31 (officer made Mr. Koh adopt a fabricated motive), ¶ 40 (officer fabricated a statement to prosecutors, gave false grand jury testimony), ¶ 41 (officer misled prosecutors), ¶ 73 (officer fabricated evidence). Defendants' argument for summary judgment based on some perceived pleading deficiency must be rejected.

### B. Contrary to Defendants' Suggestion, the Parties Have Conducted Discovery On and Have Litigated Every Element of Mr. Koh's Fourth Amendment Pretrial Detention Claim

Defendants fare no better with their assertion that the parties have neither conducted discovery on nor litigated a Fourth Amendment claim for unreasonable pretrial detention. In fact, full discovery has been done on each element of the claim, and each element of the claim has been fully litigated in the parties' summary judgment papers. The parties fully explored the probable cause question at every stage of the case, with every witness, with experts, and they all dedicated significant portions of their summary judgment briefs to the topic. Doc No. 279 (Northbrook Defs' Br.) at 11-17, 30-32; Doc. No. 275 (Wheeling Defs' Br.) at 20-23; Doc. No. 316 (Plaintiffs' Br.) at 31-39, 62-64. In short, based on the pleadings in the complaint discussed above the parties knew full well that the question of whether there was probable cause for Mr. Koh's arrest, prosecution, and detention was a—if not the—central factual dispute in the case, and they conducted discovery at length on those issues.

As far as the elements of Mr. Koh's Fourth Amendment detention claim is concerned, there was never a question that Mr. Koh was seized or detained at all times from his arrest on April 16, 2009 to his acquittal in December 2012. *See, e.g.*, Doc. No. 139 (Northbrook Defs'

6

Answer) ¶¶ 43, 46. And contrary to Defendants' assertion, Plaintiffs have pointed to ample facts in the summary record that require a jury trial on the question whether there was probable cause for Mr. Koh's detention and prosecution. Furthermore, Plaintiffs have adduced evidence to show that probable cause determinations made at Mr. Koh's *Gerstein* hearing and during grand jury proceedings were tainted by Defendants' misconduct, including their fabrication of evidence. *See* Doc. No. 315 (Plaintiff's Statement of Facts) at ¶¶ 66-67 (at the charging stage, officers misled prosecutors about Mr. Koh's statement, fabricated an "outcry" witness statement, and concealed volumes of information about Paul's mental health issues; the prosecutor who approved charges did not see the interrogation video and he considered the fabricated "outcry" witness important); ¶ 72 (prosecutor relied on false statements from police to establish probable cause at the *Gerstein* hearing, neither the court nor the prosecutor saw the interrogation video); ¶ 73 (Graf gave false statements to the grand jury, grand jury did not see the interrogation video); ¶ 22 (Graf prepared a police report giving a false account of the interrogation); ¶ 123 (Kim prepared a report that contained a false account of Mr. Koh's use of the term *gachi jookja*); Doc. No. 316 (Plaintiff's Br.) at 18 (discussing false police reports); 22 (discussing misleading and false evidence presented at *Gerstein* hearing and grand jury); 50-51 (explaining that prosecutors relied on officers' false statements at the charging stage, *Gerstein* hearing, and grand jury proceedings); 52 (discussing the fabricated "outcry" witness statement); *see also id.* at 20-21 (discussing evidence that Graf fabricated even after charges were approved).[3]

---

[3] Defendants attempt to explain away the false evidence used to detain and charge Mr. Koh by reducing it to a mere "interpretation" of Mr. Koh's statement by Defendant Graf, which Defendants assert cannot be considered a fabrication. Doc. No. 362 at 4-5. While Defendants are free to argue the evidence this way to the jury, they cannot ask the Court to draw such an inference in their favor at summary judgment, and their self-serving framing of the facts does not entitle them to summary judgment. A jury could easily conclude that the officers' statements were intentional fabrications. *See, e.g., Avery v. City of Milwaukee*, 847 F.3d 433, 439-40 (7th Cir. 2017).

7

Defendants' suggestion that the parties did not conduct discovery on the elements of Mr. Koh's Fourth Amendment claim or that there is some dearth of evidence on this claim is contradicted by the parties' summary judgment briefs already on file. The factual issues underlying this claim have been litigated throughout the case, since the pleading stage.

### C. Even If Mr. Koh's Fourth Amendment Pretrial Detention Theory Had Not Been Pleaded In Detail, At Trial On the Claim Would Still Be Warranted

Even if Plaintiffs had never pleaded explicitly that Mr. Koh's pretrial detention violated the Fourth Amendment and had never previously explained in detail their legal theory that Mr. Koh's entire ordeal, from arrest to acquittal, was unsupported by probable cause, Mr. Koh would still be entitled to a trial on the Fourth Amendment claim at issue based on the record presented at summary judgment.

Most importantly, to the extent that Federal Rule of Civil Procedure 56 requires non-moving parties to articulate legal theories under which they are entitled to relief, *Kunz v. DeFelice*, 538 F.3d 667, 681 (7th Cir. 2008), there has been no decision on summary judgment in this case and Plaintiffs are unambiguously asserting Mr. Koh's Fourth Amendment theories as a reason to deny Defendants summary judgment. Even assuming Defendants are correct that the theory was not presented previously (which they are not), there was no earlier time at which Plaintiffs were required to or could have raised the issue. And there is no legal principle that allows a Court to grant a summary judgment on a particular legal theory that is supported by the evidence in the summary judgment record on the ground that the legal theory was not spelled out in detail prior to summary judgment. *Cf. Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994) (noting that even where a plaintiff fails to respond at all to a motion for summary judgment, the court must still determine whether, given the material facts as issue, judgment is proper "as a matter of governing law"). In fact, in cases like this one, where circuit precedent is

8

changed by intervening law, there is no forfeiture of a legal theory even when that party fails to advance the theory in initial summary judgment briefing. *Ienco v. City of Chicago*, 286 F.3d 994, 999 (7th Cir. 2002) (noting that where a particular theory was foreclosed by circuit precedent there was no forfeiture in the failure to argue that theory at summary judgment).

     Along the same lines, there is additional support for the position that Mr. Koh has not forfeited and is entitled to present his Fourth Amendment claim in the Seventh Circuit's repeated admonition that the jury at trial should be instructed on correct legal theories based on the evidence presented at trial, and not on the record existing at some point before trial. *See*, *e.g.*, *Jimenez v. City of Chicago*, 732 F.3d 710, 718 (7th Cir. 2013) ("Nothing prevented the jury from deciding the case on evidence that had not been used to support or oppose an earlier summary judgment motion."); *see also Ortiz v. Jordan*, 562 U.S. 180, 184 (2011) ("Once the case proceeds to trial, the full record developed in court supersedes the record existing at the time of the summary judgment motion."); *Chemetall GMBH v. ZR Energy, Inc.*, 320 F.3d 714, 718 (7th Cir. 2003) ("Once the trial has taken place, our focus is on the evidence actually admitted and not on the earlier summary judgment record."). In fact, it is established law that a jury should be instructed on the theories of liability supported by the evidence at trial, even if those theories were not developed or disputed at summary judgment. *See*, *e.g.*, *Titran v. Ackman*, 893 F.2d 145, 148 (7th Cir. 1990) ("When a party moves for summary judgment on ground A, the opposing party need not address grounds B, C, and so on; the number of potential grounds for (and arguments against) summary judgment may be large, and litigation is costly enough without requiring parties to respond to issues that have not been raised[.]"). The fact that juries must be instructed on theories supported by the evidence at trial, regardless of record at summary judgment, is an additional reason to reject Defendants' argument that it is somehow too late for

9

Plaintiff to pursue a claim that he was detained without probable cause through his acquittal. Even if the theory had not been fleshed out at summary judgment (and it is being fleshed out at summary judgment right now), it could be presented at trial.

Finally, consider this issue from the perspective of amendments under Rule 15, which instructs that court should freely permit amendment of the pleadings. *United States v. Sec. Pac. Bus. Credit, Inc.*, 956 F.2d 703, 707-08 (7th Cir.1992) ("[A]mendments to complaints are liberally allowed under the Federal Rules of Civil Procedure up to and even after trial, judgment, and appeal, in cases in which there is no harm to the defendant from the tardy amendment."). This rule applies unless there is some very good reason to deny the amendment, such as substantial prejudice to a party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"). Delay alone or a major change in a legal theory would not justify denying leave to amend. *King v. Kramer*, 763 F.3d 635, 642-43 (7th Cir. 2014) (even a "major change in [a plaintiff's] legal theory" should be allowed); *George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 789-91 (7th Cir.2011) ("[D]elay alone is not a reason to deny a proposed amendment, and that delay must be coupled with some other reason, such as prejudice to the defendants.").

Accordingly, even if Plaintiffs had been required to and had not initially pleaded the particular Fourth Amendment theory at issue (which they were not required to but did anyway),

Defendants argument would still fail. Defendants do not claim, nor could they claim, that they would be unfairly prejudiced by a trial on Mr. Koh's Fourth Amendment claim for unlawful pretrial detention, for the simple reason that, as discussed above, the parties have already examined and briefed the factual and legal questions relevant to this claim in briefing. Because this claim adds no new substance to the case, there is no legitimate reason to exclude it from the case. *See Security Pac. Bus. Credit, Inc.*, 956 F.2d at 708 (affirming decision to permit amendment to complaint that "change[d] the theory of [the] case a bare five days before trial," because no prejudice was caused "apart from the burden of additional research to meet the government's claim, and that burden would have been the same if the claim had been in the original complaint."); *see also King*, 763 F.3d at 643 (noting that a party is not even required to amend a complaint to assert a new legal theory before trial so long as the "facts required for that claim were in the complaint all along"). Mr. Koh's claim for unlawful pretrial detention is properly part of this case and should be tried to the jury.

  The Seventh Circuit recently encountered a situation somewhat analogous to the one this Court now considers in *King v. Kramer*, 763 F.3d 635, 641-45 (7th Cir. 2014). There, a plaintiff pursued a deliberate indifference claim throughout discovery and just before trial attempted to present a Fourth Amendment claim based on an objective standard as well. The district court granted a motion *in limine* to exclude the Fourth Amendment theory on the ground that it had not been pursued previously, and the Seventh Circuit reversed. *Id.* That was a case where the plaintiff had pursued a different substantive standard, and sought to switch horses just before trial. This case, by contrast, is one where Mr. Koh has asserted and the parties have at all stages of the case conducted discovery on the relevant law and facts underlying the Fourth Amendment

11

detention claim now at issue. In light of *King* and the other cases discussed above, to bar Mr. Koh's Fourth Amendment claim at this point would be reversible error.

> **D. Mr. Koh's Unreasonable Pretrial Detention Claim Is Not Defeated By the Presence of Probable Cause and Defendants Are Not Entitled to Qualified Immunity**

Defendants' remaining arguments for summary judgment on Mr. Koh's Fourth Amendment detention claim simply regurgitate arguments in prior summary judgment briefing. These arguments still lack merit.

Defendants argue Mr. Koh's Fourth Amendment claim that he was seized before acquittal without probable cause is defeated by the existence of probable cause. This argument is limited to incorporating the same arguments Defendants made in their original briefing. *See* Doc. No. 362 at 5.[4] These arguments still lack merit. Defendants did not have probable cause to seize Plaintiff or to cause him to be detained. Like Defendants, Plaintiffs incorporate by reference all of their prior arguments about the lack of probable cause. Doc. No. 316 at 31-39, 62-63. The record supports a jury finding that Plaintiffs' detention was not supported by probable cause.

Similarly, Defendants' qualified immunity argument is simply an incorporation by reference of their prior argument that "arguable" probable cause existed for Mr. Koh's seizure. *See* Doc. No. 362 at 5. In response, Plaintiffs incorporate by reference all of their prior arguments that "arguable" probable cause did not exist to seize or detain Mr. Koh for the murder of his son. Defendants' renewed qualified immunity argument again fails for all of those reasons. Doc. No. 316 at 31-39.

---

[4] Again, the fact that Defendants' arguments on the merits of Mr. Koh's Fourth Amendment detention claim simply reincorporate prior briefing, based on the summary judgment record developed since this case was filed, is the clearest possible evidence that there is nothing new here and that no party will be prejudiced by including this theory in the case. The theory is based on exactly the same evidence as all of the other theories previously briefed, which is the reason that Defendants do not make any new arguments on the merits.

**II.    *Manuel* Also Contradicts Defendants' Arguments That Their Misconduct Was Not the Cause of Mr. Koh's Injuries and That Mr. Koh's Damages Are Limited**

Finally, Defendants' argument about *Manuel*'s relevance to Count II of the SAC is incorrect. Although *Manuel* dealt with fabricated physical evidence rather than a fabricated confession, the Supreme Court's reasoning unquestionably bears on Defendants' arguments about causation and the damages claimed under Count II of Plaintiffs' complaint. *See* Doc. No. 279 (Northbrook Defs' Br.) at 32; Doc. No. 275 (Wheeling Defs' Br.) at 18-20, 23.

First, as Plaintiffs' stated in their original briefs, the charging and corresponding detention decisions made by courts and state prosecutors in a criminal proceeding do not insulate officers who engaged in misconduct from liability where that misconduct misleads the courts and prosecutors. *See* Doc. No. 316 (Plaintiff's Br.) at 47-49, 64 (citing cases like *Malley v. Briggs*, 475 U.S. 335, 345 (1986) and *Jones v. City of Chicago*, 856 F.2d 985, 993 (7th Cir. 1988). *Manuel* reinforces that principle. 137 S. Ct. at 918-19 (holding that police misconduct may cause legal process to issue in the absence of actual probable cause, in which case "[l]egal process has gone forward, but it has done nothing to satisfy the Fourth Amendment's probable-cause requirement").[5]

Second, to the extent that Defendants suggest that the damages that Mr. Koh can recover under the Fourth Amendment are limited to the period of time from his arrest to the issuance of legal process in his case, that argument is based on the Seventh Circuit decisions overruled by *Manuel*. Prior to *Manuel,* the Seventh Circuit had held that a claim after legal process sounded in due process, not in the protection from unreasonable seizures provided by the Fourth Amendment. Thus, damages for a Fourth Amendment claim were limited to the period of time

---

[5] Defendants also reiterate their flawed argument that the state criminal judge's decision on Mr. Koh's motion to suppress establishes that constitutional law governing coerced confessions was not clearly established. Those arguments were dealt with in Plaintiffs' prior brief. Doc. 316 at 47-48 n.19.

13

from arrest until legal process issued. *Gauger v. Hendle*, 349 F.3d 354, 362-63 (7th Cir. 2003). *Manuel* makes clear that damages for the Fourth Amendment violation continue into the post-legal-process period as well. 137 S. Ct. 920 n.8. Accordingly, Mr. Koh's Fourth Amendment claims in this case, after *Manuel*, entitle him to all damages he suffered from arrest to acquittal. Defendants' arguments to the contrary fail to read what *Manuel* plainly says.

## Conclusion

For the foregoing reason, Defendants' motion should be denied.

RESPECTFULLY SUBMITTED,

**HYUNG SEOK KOH and
EUNSOOK KOH**

By: /s/ Elizabeth Mazur

Arthur Loevy
Jon Loevy
Elizabeth Mazur
Steve Art
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900

## **CERTIFICATE OF SERVICE**

    I, Elizabeth Mazur, an attorney, certify that on May 26, 2017, I served the attached filing on counsel of record via the ECF system.


                                  By: /s/ Elizabeth Mazur
                                      *Counsel for Plaintiffs*