**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HYUNG SEOK KOH and | ) | |
| EUNSOOK KOH, | ) | |
| | ) | No. 11 C 2605 |
| *Plaintiffs*, | ) | |
| | ) | Judge Edmond E. Chang |
| v. | ) | |
| | ) | |
| MARK GRAF, *et al.*, | ) | |
| | ) | JURY TRIAL DEMANDED |
| *Defendants*. | ) | |

**MOTION TO CERTIFY DEFENDANTS' APPEALS AS FRIVOLOUS**

Plaintiffs Hyung Seok Koh and Eunsook Koh, by their attorneys, Loevy & Loevy,

respectfully move to certify Defendants' appeals (Doc. Nos. 384 & 390) as frivolous under the

authority of *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989), stating in support as follows:

**INTRODUCTION**

In a case like this one, the normal presumption is that the case should be stayed pending

resolution of the Defendant officers' qualified-immunity appeal. In most cases, such a stay

would be appropriate. But there is an exception to the normal rule where the legal basis for the

appeal is exceedingly thin and the consequences of further delay are substantial. This case fits

that exception, for two important reasons. First, recent Seventh Circuit decisions conclusively

resolve the one legal issue that Defendants could present on appeal, and those same decisions

make painfully clear that most arguments that Defendants might attempt to present on appeal are

outside of appellate jurisdiction at this stage. Second, Plaintiffs in this case are not young, they

have been waiting a long time for their day in court, and further delay will cause them significant

prejudice. This Court should certify the appeals as frivolous and proceed with trial.

## LEGAL STANDARDS

In three recent cases, including one decided this week, the Seventh Circuit has determined that it lacks appellate jurisdiction to consider precisely the type of appeals that the Defendants have filed. *Jackson v. Curry*, No. 17-1898, 2018 WL 1865023 (7th Cir. Apr. 19, 2018); *Hurt v. Wise*, 880 F.3d 831, 839 (7th Cir. 2018); *Stinson v. Gauger*, 868 F.3d 516, 525 (7th Cir. 2015) (*en banc*), cert. denied, *Gauger, et al. v. Stinson*, Nos. 17-721, 17-749 & 17-788, 584 U.S. ___ (Mar. 26, 2018).[1] Appellate jurisdiction in qualified-immunity appeals is strictly limited to purely legal questions separate from the merits of the case, but Defendants' appeals necessarily depend on challenging this Court's determination that factual disputes preclude summary judgment and require a trial. To the extent that Defendants purport to appeal a purely legal question, the only one they could possibly raise on appeal concerns whether Fifth Amendment law was clearly established—a question that the Seventh Circuit has answered conclusively in Plaintiffs' favor already. Because Defendants have no jurisdictional or legal basis for their appeals, this Court should certify those appeals as frivolous under *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989). Plaintiffs begin with the applicable legal standards.

### A.     Unfounded Qualified-Immunity Appeals Should Be Certified As Frivolous

In *Behrens v. Pelletier*, the Supreme Court recognized that the delay caused by a qualified-immunity appeal after summary judgment "affords an opportunity for abuse." 516 U.S. 299, 310 (1996). The Court thus empowered district courts to police such abuses by certifying appeals as frivolous, which "enables the district court to retain jurisdiction pending summary

---

[1] At the status hearing before this Court on April 18, 2018, counsel for the Northbrook Defendants represented that his firm only files qualified-immunity appeals in cases where they think those appeals properly invoke appellate jurisdiction. The case referenced by counsel was *Jackson*, and the next day the Seventh Circuit dismissed the *Jackson* appeal for lack of jurisdiction.

disposition of the appeal, and thereby minimizes disruption of the ongoing proceedings." *Id.* at 310-11. The Seventh Circuit discussed this procedure in *Apostol v. Gallion*, recognizing that

> [qualified-immunity appeals] may injure the legitimate interests of other litigants and the judicial system. During the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic . . . . Plaintiffs' entitlements may be lost or undermined. Most deferments will be unnecessary. The majority of [qualified-immunity] appeals—like the bulk of all appeals—end in affirmance. Defendants may seek to stall because they gain from delay at plaintiffs' expense, an incentive yielding unjustified appeals. Defendants may take [qualified-immunity] appeals for tactical as well as strategic reasons . . . . Proceedings masquerading as [qualified-immunity] appeals but in fact not presenting genuine claims of immunity create still further problems.

870 F.2d at 1339-40. Accordingly, where an appeal is frivolous, a district court can certify that the appeal lacks merit, explain its reasoning, and "get on with the trial." *Id.* at 1339. A defendant who disagrees with such a certification can seek a stay from the court of appeals. *Id.* at 1340.

An appeal is frivolous when it is "unfounded." *McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992). And an appeal is unfounded if the district court "has not finally resolved the question of immunity" (*e.g.*, if there are issues of fact to resolve on the question whether a constitutional right was violated), or when the district court's "disposition is so plainly correct that nothing can be said on the other side" (*e.g.*, where the question whether the law was clearly established is obvious in light of existing precedent). *Apostol*, 870 F.3d at 1339.

**B.     Appellate Jurisdiction Over Qualified-Immunity Appeals Is Narrowly Limited**

Appeals in federal court are limited to final decisions of the district courts. 28 U.S.C. § 1291. In *Cohen v. Beneficial Industrial Loan Corp.*, the Supreme Court established the collateral-order doctrine, which regards as final and thus allows the immediate appeal of orders that (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits, and (3) are effectively unreviewable on appeal from a final judgment.

337 U.S. 541, 546 (1949). The collateral order doctrine is narrowly limited. *Will v. Hallock*, 546 U.S. 345 (2006); *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863 (1994).

The Supreme Court in *Mitchell v. Forsyth* permitted appeals from the denial of qualified immunity at the summary judgment stage on the purely legal question whether "the legal norms allegedly violated by the defendants were clearly established[.]"472 U.S. 511, 528 (1985). As the Seventh Circuit explained in *Jones v. Clark*, such appeals from denials of qualified immunity meet *Cohen*'s requirements in general, but "the *Cohen* framework breaks down if there is no separation between the merits of the underlying lawsuit and the subject matter of the collateral order being appealed. . . . The problem, as the [Supreme] Court has recognized, is that a great number of orders denying qualified immunity at the pretrial stage are linked closely to the merits of the plaintiff's claim." 630 F.3d 677, 679 (2011).

As a result, the Supreme Court in *Johnson v. Jones* drew an unambiguous line: it expressly limited qualified-immunity appeals at summary judgment to "abstract issues of law," and it held that appellate courts lack jurisdiction to resolve factual disputes or to review lower court decisions about the sufficiency of evidence in the pretrial record. 515 U.S. 304, 313-20 (1995); *see also Ortiz v. Jordan*, 562 U.S. 180, 190 (2011) ("Cases [presenting pure legal issues] typically involve contests not about what occurred, or why an action was taken or omitted, but disputes about the substance and clarity of pre-existing law."); *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009) ("*Johnson* held that the collateral orders that are 'final' under *Mitchell* turn on 'abstract,' rather than 'fact-based,' issues of law."); *Behrens*, 516 U.S. at 312-13 (appealable orders "resolve a dispute concerning an abstract issu[e] of law relating to qualified immunity . . . —typically, the issue whether the federal right allegedly infringed was clearly established"); *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (denials of immunity at summary judgment are

4

appealable only "to the extent that [the district court's decision] turns on an issue of law"). "'The appeal is limited in scope for the same reason it is permitted: the question of qualified immunity is conceptually distinct from the merits of the plaintiff's claim that his rights have been violated.'" *Jackson*, 2018 WL 1865023, at *2 (quoting *Armstrong v. Daily*, 786 F.3d 529, 537 (7th Cir. 2015)).

Considering these precedents, Defendants cannot raise any meritorious legal issue that would fall within the appellate court's jurisdiction. The appeals should be certified as frivolous.

**DISCUSSION**

**A.    The Seventh Circuit Lacks Jurisdiction To Consider the Factual Disputes That Defendants Will Raise on Appeal, Including Disputes Based on the Videotaped Interrogation**

Defendants cannot present any argument in their appeal that raises a factual dispute or that challenges this Court's conclusion that the summary judgment record presents a dispute of fact for trial on Mr. Koh's Fifth Amendment claim. The Seventh Circuit has repeatedly warned that appeals challenging a district court's determination about the sufficiency of evidence in the summary judgment record and appeals that depend on the resolution of factual disputes will be dismissed for lack of jurisdiction.

This principle was recently reaffirmed by the court sitting *en banc* in *Stinson v. Gauger*, which dismissed a qualified-immunity appeal, at summary judgment, in a wrongful conviction case, on the grounds that the defendants "dispute[d] the district court's conclusions of the sufficiency of the evidence on questions of fact." 868 F.3d at 528-29. In recent years, the Seventh Circuit has dismissed qualified-immunity appeals for this reason many times. *See*, *e.g.*, *Nettles-Bey v. Williams*, 819 F.3d 959, 961 (7th Cir. 2016) (dismissing appeal because police defendants argued "that the district judge misunderstood the facts"); *Gutierrez v. Kermon*, 722

F.3d 1003, 1010-11 (7th Cir. 2013) (dismissing an appeal and concluding that "[e]ven if the appellant disclaims any attempt to challenge the district court's conclusion that genuine factual disputes exist, we lack jurisdiction when his argument on appeal depends upon and is inseparable from disputed facts"); *Whitlock v. Brueggemann*, 682 F.3d 567, 574 (7th Cir. 2012) (rejecting the argument that district court did not cite enough evidence in the summary judgment record to conclude that a trial was warranted and explaining, "No matter how vigorously the police defendants contend that these issues are the sort of abstract legal questions we have jurisdiction to review at this stage of the litigation, they are not. They are merely a back-door effort to contest the facts."); *Jones v. Clark*, 630 F.3d 677, 680 (7th Cir. 2011) ("If [the Court] detect[s] a back-door effort to contest the facts, we will reject it and dismiss the appeal for want of jurisdiction.").[2]

Not only has the Seventh Circuit repeatedly stated this general principle, it has also applied that principle as a reason to dismiss qualified-immunity appeals from denials of summary judgment where the factual circumstances of a coerced confession are in dispute. *Hill v. Coppleson*, 627 F.3d 601, 606 (7th Cir. 2010) ("[B]ecause we cannot determine whether [the defendant] coerced [the plaintiff]'s confession without resolving the discrepancies between [the plaintiff]'s and [the defendant]'s accounts of the events, we lack jurisdiction to consider [the defendant]'s qualified immunity claim on interlocutory appeal."). This Court's decision at summary judgment in this case is teeming with findings that the factual record and inferences drawn from that record would permit a reasonable jury to conclude that Mr. Koh's Fifth Amendment rights were violated. Summary Judgment Opinion, Doc. No. 383, at 34-48. Those findings are absolutely off limits on appeal.

---

[2] *See also Huff v. Reichert*, 744 F.3d 999, 1004-05 (7th Cir. 2014); *Levan v. George*, 604 F.3d 366, 370-71 (7th Cir. 2010); *White v. Gerardot*, 509 F.3d 829, 835 (7th Cir. 2007); *Via v. LaGrand*, 469 F.3d 618, 624 (7th Cir. 2006); *Villo v. Eyre*, 547 F.3d 707, 711-12 (7th Cir. 2008).

Moreover, to the extent that Defendants intend to argue that the videotape of Mr. Koh's confession alters this analysis, the Seventh Circuit has twice rejected that argument already this year. In *Hurt*, the Seventh Circuit considered an appeal in which it was asked "to revisit the inferences that the district court found could reasonably be drawn from [the plaintiffs'] recorded interrogation," and it held, "That we cannot do without going beyond our jurisdiction in this interlocutory appeal." 880 F.3d at 839. And just this week, the Seventh Circuit reiterated, again in the context of a §1983 case concerning a videotaped false confession, that it lacks jurisdiction to consider "fact issues about what the video shows." *Jackson*, 2018 WL 1865023, at *5. Accordingly, nothing about the fact that Koh's interrogation was videotaped permits Defendants to argue on appeal that this Court was incorrect to conclude that factual disputes preclude summary judgment on Koh's Fifth Amendment claim. *See Hurt*, 880 F.3d at 840 ("[N]othing about video evidence justifies placing it in such a privileged position."). On the contrary, the Seventh Circuit has established firmly that it lacks jurisdiction to consider an argument that the video shows something factually different from what this Court determined it showed at summary judgment. *Id.* ("Where the parties disagree about inferences, the fact that evidence is found in a video is not important[.]").

Courts in this District have certified qualified-immunity appeals as frivolous when they assert that the district court wrongly concluded that the record presents a genuine dispute of fact for trial. *Lanza v. City of Chicago*, 2010 WL 5313483, at *2 (N.D. Ill. Dec. 20, 2010) ("What is beyond question is that the resolution of the merits is going to require a resolution of disputed questions of fact as to [the defendant]'s role in eliciting the fabricated confession."); *see also Gregory v. Oliver*, 2002 WL 31972165, *2 (N.D. Ill. Dec. 27, 2002); *Vladic v. Hamann*, 2002 WL 31248544, at *2 (N.D. Ill. Oct. 4, 2002). Defendants' appeals in this case mount precisely

this type of factual challenge, they are beyond appellate jurisdiction, and for that reason they should be certified as frivolous.

**B.      The Sole Legal Issue That Defendants Could Properly Raise on Appeal Has Been Answered Conclusively by the Seventh Circuit Already**

Even if Defendants disclaim any intention of mounting factual challenges on appeal, this Court should still certify their appeal as frivolous. Put simply, the only purely legal issue Defendants could possibly raise on appeal—namely, whether the law was clearly established that coercing an involuntary confession violated the Fifth Amendment—is one that the Seventh Circuit has conclusively answered in Koh's favor already.

As this Court observed when it denied summary judgment, a number of Supreme Court and Seventh Circuit cases put reasonable officers on notice long before Mr. Koh's interrogation that "verbally and physically intimidating a suspect, as well as manipulating him, lying to him, and coaching him on the details of the confession, all while knowing he was not fluent in English and was operating without food, medications or sleep, violates the Fifth Amendment." Doc. No. 383 at 44; *see also id.* at 42-48 (collecting cases, including *Haynes v. Washington*, 373 U.S. 503, 504, 514-15 (1963); *Hurt*, 880 F.3d at 848; *Carrion v. Butler*, 835 F.3d 764, 776 (7th Cir. 2016); *Aleman v. Village of Hanover Park*, 662 F.3d 897, 906 (7th Cir. 2011); *Andersen v. Thieret*, 903 F.2d 526, 530 (7th Cir. 1990)). There is nothing remotely infirm about this Court's conclusion that the Fifth Amendment law governing Defendants' conduct was clearly established in 2009.

In addition to the cases cited by the Court, that the Fifth Amendment standards applying to Mr. Koh's interrogation were clearly established in 2009 is also established in a great number of other decisions. *See Edwards v. Arizona*, 451 U.S. 477, 482 (1981) (confession taken without knowing and intelligent waiver of right to counsel violates the Fifth Amendment); *Lynumn v. Illinois*, 372 U.S. 528, 533 (1963) (threats to children render confession involuntary); *Rogers v.*

*Richmond*, 365 U.S. 534, 543 (1961) (confession involuntary when police threatened to take suspect's wife into custody); *Spano v. New York*, 360 U.S. 315, 323 (1959) (confession involuntary when officer told suspect (a friend of his) that officer would get in trouble if he did not confess); *United States v. Montgomery*, 555 F.3d 623, 629 (7th Cir. 2009) (false promises of leniency render confession involuntary); *Sornberger v. City of Knoxville*, 434 F.3d 1006 (7th Cir. 2006) (threats to family render confession involuntary); *Alexander v. DeAngelo*, 329 F.3d 912, 918 (7th Cir. 2003) (deceit bordering on fraud can render a confession involuntary); and *Weidner v. Thieret*, 866 F.2d 958, 963 (7th Cir. 1989) (threats that prevent a person from thinking clearly or that exaggerate the consequences of not confession render confession involuntary). These precedents conclusively resolve the only legal question that Defendants might properly raise on appeal beyond any reasonable dispute.

The Seventh Circuit in *Hurt* posed the relevant legal issue on appeal in a case like this as "whether, taking the facts and inferences favorably to the plaintiffs, any reasonable officer would have known that he was applying impermissible pressure." 880 F.3d at 847. Similarly, in *Jackson* this week, the Court confirmed that the qualified-immunity question "involves consideration of the totality of circumstances to determine whether the suspect confessed voluntarily, of his own free will, or whether the police overrode [the plaintiff's] volition." *Jackson*, 2018 WL 1865023, at *3. If "a trier of fact could find that the officers deliberately coerced confessions," then the qualified immunity question is easily answered: "[t]he rule forbidding such conduct has been established for decades." *Hurt*, 880 F.3d at 848. It is an extremely rare situation when the Seventh Circuit has decided multiple cases close in time to a qualified-immunity appeal that resolve the precise legal issue that might be raised in that appeal.

Even in more routine situations, courts in this District have certified qualified-immunity appeals as frivolous where they raise an argument about the state of clearly established law that has already been resolved by the Seventh Circuit. *Manning v. Dye*, 2003 WL 21704431, at *2 (N.D. Ill. July 22, 2003); *Vidmar v. City of Chicago Bd. of Educ.*, 1999 WL 409929, at *4 (N.D. Ill. June 7, 1999); *Husband v. Foulks*, 1991 WL 78177, at *1 (N.D. Ill. May 6, 1991). The same is true where the appeal raises other legal issues conclusively resolved by the court of appeals in past cases. *Young v. Dart*, 2009 WL 2986109, at *4 (N.D. Ill. Sept. 15, 2009); *Ruffino v. Sheahan*, 61 F. Supp. 2d 767, 770 (N.D. Ill. 1999). This Court properly considered the totality of circumstances at length, analyzing Mr. Koh's susceptibility and the tactics used by Defendants, and it concluded that based on established law a reasonable jury could find that Defendants overbore Mr. Koh's will and coerced an involuntary confession. In light of existing precedent, there is no unanswered legal question relating to that immunity determination for Defendants to appeal. For these reasons as well Defendants' appeal should be certified as frivolous.

The fact that Defendants' appeal should be certified as frivolous is demonstrated by the following conundrum facing Defendants: if Defendants accept the Court's view that the factual record presents a genuine dispute for trial on the Fifth Amendment claim, then the only legal question presented by their appeals has been answered by the Seventh Circuit conclusively already; on the other hand, if Defendants wish to present a novel question in their appeals, then they can create such an issue only by challenging this Court's view of the factual record, an attack that is beyond the Seventh Circuit's appellate jurisdiction. Plaintiff expects that, in their response to this motion, Defendants will not be able to articulate any purely legal issue relating to qualified immunity that has any merit.

**C.      Other Legal Issues Are Outside of Appellate Jurisdiction**

Defendants may identify other interesting legal issues to justify their current appeals, but it is important to stress that any legal issue other than the one discussed in the last section is also outside of the Seventh Circuit's jurisdiction. Qualified immunity is an entitlement to avoid litigation (not just a judgment), and so a denial of immunity is subject to immediate appeal because that denial, in the framework of *Cohen*, would prove effectively unreviewable on appeal from the final judgment. *Mitchell*, 472 U.S. at 527-30. Legal issues that are separate from the question whether Defendants' conduct violated established constitutional rights are not immediately appealable.

As a result, any potential *legal* question Defendants might raise about use of the videotaped interrogation in this civil case is not within the scope of appellate jurisdiction. *Jackson*, 2018 WL 1865023, at *3-4 (holding that a legal question about the use of a videotaped interrogation "does not involve a pure legal issue regarding qualified immunity, i.e., whether the officers violated [the plaintiff's] clearly established constitutional rights," and that such a legal question "does not fit within the narrow exception to the general rule that only final orders are appealable").[3] The same is true, *Jackson* dictates, of the arguments that Defendants have made about superseding causation. 2018 WL 1865023, at *5 ("We presently lack jurisdiction over the superseding-cause issue as it is not a pure legal question related to qualified immunity.").[4] In

---

[3] As discussed above, any argument that this Court was wrong to conclude that the videotaped interrogation presents a genuine factual dispute for trial is the type of factual attack over which the appellate court lacks jurisdiction. *Jackson*, 2018 WL 1865023, at *3 ("[T]he further-removed issues about what the video shows are fact issues."). The point here is that any *other* question relating to the videotape and how it can be used in this case—whether by the court of appeals or by this Court—is not sufficiently related to qualified immunity to fall within appellate jurisdiction.

[4] Defendants' arguments on this point are discussed by the Court in its summary-judgment opinion in footnote 38 on page 48. Doc. No. 383 at 48 n.38. Not only does the court of appeals lack jurisdiction to consider these arguments about causation in a qualified-immunity appeal, but the Seventh Circuit has also explicitly rejected those arguments on the merits, as *Jackson* reiterated. 2018 WL

11

short, the only legal question properly presented by Defendants' appeals is the one discussed already about whether Fifth Amendment law was clearly established. Any other legal question is outside of the Seventh Circuit's jurisdiction.

**D.      The Delay Caused By An Appeal Will Prejudice Plaintiffs Profoundly**

Importantly, there are strong equitable considerations that weigh in favor of recognizing this appeal for what it is—frivolous—and proceeding to trial. Plaintiffs will suffer substantial prejudice if there is further delay of this case.

This case concerns a 2009 interrogation. Though innocent, Koh was held for years awaiting his criminal trial. He filed this suit from jail in 2011, and the case was stayed until his acquittal in 2012. There was extensive discovery, with the parties asking for extensions of time to complete that discovery. Motions for summary judgment were filed in March 2016 and decided in April 2018. The median time for resolution of an appeal in the Seventh Circuit was 8.1 months in 2017 (before two of the Court's active judges retired). *See* U.S. Court of Appeals—Federal Court Management Statistics, *available at* http://www.uscourts.gov/sites/ default/files/fcms_na_appsumary1231.2017.pdf. Once the appeal is resolved, Defendants will seek further delay in the proceedings while they petition for a writ of *certiorari*. After that, it will take time to set a trial date and to resolve pre-trial motions. At the end of the day, it is unlikely that Plaintiffs would see a trial—one to which they are undoubtedly entitled—until some point in 2020, more than a decade after the interrogation that started this whole mess took place.

As the Seventh Circuit warned in *Apostol*, memories fade as time wears on, injuring Plaintiffs' legitimate interests. 870 F.2d at 1339-40. As the Court recognized in its summary judgment opinion, Defendants were already having trouble remembering what had happened

---

1865023, at *5 ("[A]s the officers admit, we have not accepted this argument in the context of a Fifth Amendment coerced-confession claim.").

during the investigation at the time of their depositions a number of years ago. *See* Doc. No. 383 at 7. Their memories have not gotten better since, and they will not improve with further delay. The less witnesses remember about the events at issue, the more difficult it becomes for Plaintiffs, who bear the burden of proof, to succeed on their claims.

Moreover, it costs a tremendous amount of money for all parties to pay lawyers to litigate appeals that would most likely end in affirmance in the average case, and which will certainly end in affirmance give the dearth of meritorious issues for appeal. *Apostol*, 870 F.2d at 1340; *see also Goshtasby v. Board of Trustees of Univ. of Illinois*, 123 F.3d 427, 428 (7th Cir. 1997) ("Delay in resolving litigation is unfortunate; costs rise and the chance that the final decision will be accurate falls."). The cost is particularly pronounced given that allowing an appeal now means that there will be an appeal both before and after trial. These appeals burden the judicial system, they transfer money from the parties to the attorneys, and they run contrary the federal policy of securing "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Plaintiffs want their day in court. They have meritorious claims that must be resolved by a jury. Indeed, there are claims in the case that are not being appealed and that will be tried no matter what. Plaintiffs are not young, and for that reason, in addition to all of the others, delay does not inure to their benefit. When one compares the substantial prejudice that Plaintiffs will face if they have to wait many more months for trial against the extremely tenuous basis for Defendants' appeal, certifying Defendants' appeal as frivolous is the only just result. *Abel v. Miller*, 904 F.2d 394, 396 (7th Cir. 1990) ("Although it is important to protect public officials

from frivolous claims and burdens of trials, it is also important to curtail the outlay and delay of litigation, so that victims of official misconduct may receive the vindication that is their due.").[5]

## CONCLUSION

For the foregoing reasons, Defendants' appeals are either beyond the Seventh Circuit's appellate jurisdiction or present a baseless legal argument, which has recently been resolved by that court conclusively. Defendants' appeals are frivolous, and they will prejudice Plaintiffs in all of the ways warned of by the Supreme Court and Seventh Circuit. In these circumstances, certifying the appeals as frivolous and proceeding to trial is appropriate.

WHEREFORE, Plaintiffs respectfully request that the Court certify Defendants' appeals as frivolous under the authority of *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989), and set a date for trial.

RESPECTFULLY SUBMITTED,

/s/ Steven Art
*One of Plaintiffs' Attorneys*

Arthur Loevy
Jon Loevy
Elizabeth Mazur
Steven Art
LOEVY & LOEVY
311 N. Aberdeen St.
Third Floor
Chicago, Illinois 60607
(312) 243-5900
elizabethm@loevy.com

---

[5] As the Seventh Circuit made clear in *Apostol*, to the extent that Defendants actually think they can identify a meritorious, purely legal question relating to immunity, they would be free to identify the issue and ask the Seventh Circuit for a stay. 870 F.2d at 1340.

## CERTIFICATE OF SERVICE

I, Steven Art, an attorney, certify that on April 20, 2018, I filed the foregoing MOTION

TO CERTIFY DEFENDANTS' APPEALS AS FRIVOLOUS using the Court's CM/ECF filing

system, which effected service on all counsel of record.

/s/ Steven Art
*One of Plaintiffs' Attorneys*

Arthur Loevy
Jon Loevy
Elizabeth Mazur
Steven Art
LOEVY & LOEVY
311 N. Aberdeen St.
Third Floor
Chicago, Illinois 60607
(312) 243-5900