IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HYUNG SEOK KOH and EUNSOOK KOH, | ) ) ) | |
| *Plaintiffs*, | ) ) ) | No. 11 C 2605 |
| v. | ) ) ) | Judge Edmond E. Chang |
| MARK GRAF, *et al.*, | ) ) | |
| *Defendants*. | ) ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY IN SUPPORT OF THEIR
MOTION TO CERTIFY DEFENDANTS' APPEALS AS FRIVOLOUS**

Plaintiffs Hyung Seok Koh and Eunsook Koh, by their attorneys, Loevy & Loevy, submit the following points in support of their motion to certify defendants' appeals as frivolous.

**1. Defendants' Argument That Plaintiffs Are Calling Them "Unethical" is Misplaced**

First, Defendants' complaint that Plaintiffs are calling them "unethical" is misplaced. The standard for certification of this appeal as frivolous is whether there is a legal issue to present to the Seventh Circuit that justifies invoking the collateral-order doctrine. *See McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992) (an appeal is frivolous when it is "unfounded"). Plaintiffs' motion is tethered to that standard: Plaintiffs argue that the appeal is unfounded because the Court's disposition was plainly correct as a legal matter and arguments Defendants will present on appeal are outside of appellate jurisdiction. *See* Doc. 395.

**2. Defendants Apparently Intend to Challenge This Court's Interpretation of the Factual Record**

Second, Defendants say in their response that they intend to accept this Court's interpretation of the facts wholesale, but statements in their response evince the opposite intent.

*See e.g.*, Doc. 396 at 5 n.3 (stating that Defendants intend to argue on appeal that the Court did not properly interpret the interrogation video—an argument foreclosed by *Jackson v. Curry*, 888 F.3d 259, 264 (7th Cir. 2018) and *Hurt v. Wise*, 880 F.3d 831, 839 (7th Cir. 2018)); *id.* at 8 (implying that the Court should have considered Officer Kim's mistranslations as an "innocent mistake"). As Plaintiffs set forth in their motion, the case law is clear that there is no appellate jurisdiction over these arguments.

      **3.** ***Gill v. City of Milwaukee*** **Does Not Establish That Defendants Are Entitled to Qualified Immunity**

Third, Defendants rely heavily on *Gill v. City of Milwaukee*, 850 F.3d. 335 (7th Cir. 2017)—a case Defendants claim this Court failed to consider—for the proposition that the law was not clearly established at the correct level of generality. In *Gill*, the Seventh Circuit held that Gill failed to plead at the appropriate level of specificity that the particular interrogation conducted by detectives in his case violated the Constitution. Gill advanced only two principles in support of his argument that his constitutional rights had been violated. *Id.* at 340. First, Gill observed the general proposition that people with diminished mental capacity may be susceptible to interrogation tactics. *Id.* Second, Gill pointed to cases recognizing that interrogation that "shocks the conscience" may give rise to substantive due process claims. *Id.* Gill argued that these two principles, taken together, clearly established a highly generalized constitutional right to be free from coercive interrogation, which he asserted had been violated by detectives. *Id.* The Court rejected the argument, finding that the mere reference to those principles was too general and it was therefore insufficient to show that the right was clearly established. *Id.*

*Gill*'s holding does not impact the qualified immunity analysis at the summary judgment stage. *Gill* simply confirms the established rule that a civil rights plaintiff cannot claim that his rights, at a highly-generalized level, have been violated and survive a claim of qualified

2

immunity. At summary judgment, Mr. Koh explained in detail how the Defendants violated his clearly established Fifth and Fourteenth Amendment rights. Doc. No. 316 at 39-50. In so doing, Mr. Koh described the constitutional rights at issue at the appropriate level of specificity, explained the evidence of Defendants' misconduct that creates triable issues of fact on these claims, and provided the many Supreme Court and circuit decisions that clearly establish the law governing those factual disputes. *Id.* Nothing about the more-developed factual record of misconduct at summary judgment changes this qualified-immunity analysis. Nothing about *Gill* changes any of the case law that this Court previously relied upon. Nothing about *Gill*'s statements about pleading generalities suggests error in this Court's qualified-immunity conclusion.

But even assuming for the sake of argument that *Gill* holds that the facts of certain interrogations cannot violate clearly established constitutional law, *Gill* presents a different factual situation than this case. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973) (examination of whether confession was involuntary depends on the factual circumstances surrounding the confession); *Kerr v. City of Chicago*, 424 F.2d 1134, 1138 (7th Cir. 1970) (a jury's examination of the factual circumstances of a confession must be broad). Whereas *Gill* relied on diminished mental capacity, Mr. Koh relies on much more. Mr. Koh has developed and pointed to a fulsome factual record showing not only that he was exposed to a more egregious course of conduct than Gill, but also that his will was in fact overborne: Defendants yelled, badgered, manipulated, and lied to Mr. Koh, displaying their weapons, touching him, and physically intimidating him. With notice of Mr. Koh's obvious language limitations, they intentionally exploited language barriers, with Officer Kim intentionally mistranslating and not translating things that were said during the interrogation. The Defendants did not give Mr. Koh

*Miranda* warnings and did not secure a waiver of his *Miranda* rights. When Mr. Koh invoked his right to counsel, Defendants denied him counsel, improperly told him he did not need a lawyer, and in fact ramped up their coercion when they knew a lawyer had arrived at the police station. The interrogation lasted hours, during which Mr. Koh was held *incommunicado*, without access to food, medication, or sleep. Throughout he was in shock, traumatized by discovering the stabbing death of his only son hours earlier. The video demonstrates the coercion, and the obvious signs of stress and confusion that Mr. Koh exhibited. Experts opine that Mr. Koh's will was in fact overborne during the interrogation, rendering his statements involuntary. These facts show a patent violation of clearly established Fifth and Fourteenth Amendment law governing illegal interrogations. While these facts are readily distinguishable from *Gill*, they cannot be reasonably distinguished from *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1013 (7th Cir. 2006), a case that denied qualified immunity in circumstances that were nearly the same.

This Court's qualified immunity analysis was at the correct level of generality. Defendants' argument to the contrary involve drawing factual inferences in their favor, for example, that the threats and intimidation the officers visited upon Mr. Koh was not so severe, *see* Doc. 396 at 9, that what happened to Mr. Koh was not "horrifying," *id.* at 11, etc. In fact, *Hurt*, *Jackson*, and all of the other cases that Plaintiffs cite in their brief, see Dckt. 395 at 8-11, conclusively answer the qualified immunity question at this stage.

## Conclusion

For the foregoing reasons, Plaintiffs' motion should be granted.

        RESPECTFULLY SUBMITTED,

        /s/ Elizabeth Mazur
        *One of Plaintiffs' Attorneys*

Arthur Loevy
Jon Loevy
Elizabeth Mazur
Steven Art
LOEVY & LOEVY
311 N. Aberdeen St.
Third Floor
Chicago, Illinois 60607
(312) 243-5900
elizabethm@loevy.com

**CERTIFICATE OF SERVICE**

  I, Elizabeth Mazur, an attorney, certify that on May 11, 2018, I filed the foregoing REPLY IN SUPPOR TO OF PLAINTIFFS' MOTION TO CERTIFY DEFENDANTS' APPEALS AS FRIVOLOUS using the Court's CM/ECF filing system, which effected service on all counsel of record.

                 /s/ Elizabeth Mazur
                 *One of Plaintiffs' Attorneys*

Arthur Loevy
Jon Loevy
Elizabeth Mazur
Steven Art
LOEVY & LOEVY
311 N. Aberdeen St.
Third Floor
Chicago, Illinois 60607
(312) 243-5900
elizabethm@loevy.com