UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HYUNG SEOK KOH and EUNSOOK KOH, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 11 C 02605 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| MARK GRAF, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The defendants who are targeted by the coerced-confession claim have filed a notice of interlocutory appeal on the basis of qualified immunity. R. 386, 390. Plaintiffs ask this Court to certify the interlocutory appeal as frivolous, thus allowing the case to proceed to trial. The motion is denied.

It is true that a defense objection to the interpretation of a factual record is not within the scope of interlocutory-appellate jurisdiction on qualified immunity. Government defendants are stuck with trial-level factual interpretations, including the reasonable inferences to be drawn from a discovery record, because interlocutory appeals that merely raise fact-bound questions are not protective of the interest that qualified immunity is designed to serve, namely, to relieve officials of the defense of a suit in the face of *legal* uncertainty. It is also true that the Court is confident that the factual record in this case demonstrates—when viewed in Mr. Koh's favor and drawing reasonable inferences in his favor—that qualified immunity does not apply to the coerced-confession claim. A reasonable officer would know that the combined circumstances (again, when viewed in Mr. Koh's favor) led to a coerced confession. Those circumstances included 2½ hours of questioning while Mr. Koh was exhausted, sleep-deprived, and without medication, R. 383 at 36; threat of "days and days and days" of interrogation, *id.* at 41; the language barrier, *id.* at 38; yelling and physical touching, *id.* at 41; misleading and overlapping questions, *id.* at 38-40; and the garbled and confused responses by Mr. Koh, *id.* at 37.

Having said that, the fact intensity of an issue like a coerced confession sometimes weighs in favor of qualified immunity, because of course qualified immunity is assessed at a concrete level, namely, whether on the specific facts of the particular case, would a reasonable officer know that the specific right at issue was violated. Courts must exercise judgment in deciding whether a prior set of

cases is analogous enough to the pending case to preclude qualified immunity—and that is what this Court did here. Yes, there are analogous, controlling opinions (as explained in the summary judgment opinion), but in light of the fact-intensive nature of coerced-confession claims, the defense does have a non-frivolous basis to file an interlocutory appeal in this case.

It is understandable that Plaintiffs are anxious to move forward to trial, particularly in light of the long pendency of the case. But the unfortunate reality is that many false-arrest cases are not brought to trial until well after the underlying events because, by definition, there is a state prosecution that itself has to be completed. And when a plethora of claims are brought by two plaintiffs against nine individual defendants and two municipalities, generating summary judgment filings and exhibits amounting to over 13,000 pages, delay will ensue. At least the witnesses' memories have now been enshrined (admittedly, imperfectly) in depositions. Also, Plaintiffs' motion mentions the delay from the certiorari process, but if the denial of summary judgment is affirmed and the mandate is not stayed, Fed. R. App. P. 41(d), then jurisdiction returns to this Court and it is very likely that the Court will require the parties to begin the pretrial order and pretrial conference preparation—even if the certiorari litigation is ongoing.

Two more notes: first, the defense argues that Plaintiffs' motion to certify the appeal as frivolous was itself frivolous, taking Plaintiffs to task for "impl[ying], "but cleverly never actually assert[ing,] that the Defendants' conduct in filing the notice of appeal rises at the very least to unethical behavior," R. 396 at 3. But to argue that the appeal is "frivolous" does not amount to a charge of unethical behavior. "Frivolous" is a term of art here that can be debated without necessarily implying that the defense is acting unethically. Second, the Court urges the parties to take advantage of the Seventh Circuit's expert settlement assistance, Seventh Cir. R. 33, to get one more neutral evaluation of the case. There are litigation risks and practical realities in abundance on both sides that should bring the parties to the negotiations table. (This Court too remains available for a settlement conference if the parties jointly ask for one.)

ENTERED:

                                                s/Edmond E. Chang
                                          Honorable Edmond E. Chang
                                          United States District Judge

DATE: June 6, 2018